## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

ANTHONY HAYES                                                                                          PLAINTIFF
ADC #147539

v.                                              4:18cv00291-DPM-JJV

MITCHELL JOHNSON, JR., Captain,                                                           DEFENDANTS
Hawkins Unit for Women, MICHAEL M.
LOWE, Major, Wrightsville Unit, TERRIE L.
BANISTER, Disciplinary Hearing Judge,
ADC, ITENA JACKSON, SATP Counselor,
Wrightsville Unit, CLAUDIA HARRIS,
Deputy Warden, Wrightsville Unit, RANDY
WATSON, Warden, Wrightsville Unit

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.      INTRODUCTION**

Anthony Hayes ("Plaintiff"), now an inmate at the Pine Bluff Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 3, 5.) He alleges Defendants Johnson, Lowe, Banister, and Watson violated his due process rights by finding him guilty of an allegedly false disciplinary, and that Defendants Jackson and Harris violated his due process rights by failing to restore his class after the disciplinary was reversed on appeal.[1] (Doc. No. 5 at 5-10.) He seeks damages, among other relief. (*Id.* at 11.)

Defendants have filed an Amended Motion for Summary Judgment. (Doc. Nos. 46-48.) Plaintiff has not responded; this matter is now ripe for a decision. After careful review, and for the following reasons, I find the Amended Motion for Summary Judgment should be GRANTED and this case DISMISSED.

---

[1] Plaintiff also made a retaliation claim, but that claim has been dismissed, along with Plaintiff's claims against Defendant Dexter Payne. Doc. No. 35.

2

II.     SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

III.    ANALYSIS

Plaintiff was found guilty of disciplinary violations based on a letter he received while at the Wrightsville Unit of the ADC, where he was incarcerated at all times relevant to this case. (Doc. No. 46-3.) Defendants maintain the letter was authored by K. Etheridge, a former officer at

3

Wrightsville.  (Doc. No. 47 at 2; Doc. No. 46-1.)  The letter referenced a kiss between Plaintiff and Etheridge; such contact and communication between an inmate and officer was a violation of Wrightsville policy.  (Doc. No. 47 at 2; Doc. No. 46-3.)  Plaintiff conceded the letter was to him, but disputed Etheridge wrote it.  (Doc. No. 46-2 at 6.)  He successfully appealed the guilty verdicts and his disciplinary was reversed.  (Doc. No. 46-3 at 3.)

Plaintiff alleges he was denied due process in connection with the conviction.  His due process rights as to the conviction itself, however, were vindicated through its reversal.  *Wycoff v. Nichols*, 94 F.3d 1187, 1189 (8th Cir. 1996).  And to the extent Plaintiff alleges the falsity of the disciplinary charges (Doc. No. 5 at 7-8), those allegations alone do not state a constitutional claim.  *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989).

After the conviction, Plaintiff lost his kitchen job and was placed on the hoe squad, and his classification was reduced from Class I to Class III.  (Doc. No. 47 at 2-3; Doc. No. 46-2 at 8.)  He contends Defendants violated his due process rights when, after his disciplinary was reversed, his class and job were not restored.  (Doc. No. 5 at 5-10.)    The protections of the due process clause come into play when a protected liberty interest is at issue.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 846-47 (8th Cir. 2003).  Plaintiff has no protected liberty interest in holding a certain job.  *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Battle v. Minnesota Dep't of Corr.*, 40 Fed. Appx. 308 (8th Cir. 2002).  Further, Plaintiff does not have a protected liberty interest in maintaining his classification level.  *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Carney v. Houston*, 33 F.3d 893, 894-95 (8th Cir. 1994); Ark. Code Ann. § 12-29-202(a)(3), (c) (prisoner classification left to discretion of prison officials).  Plaintiff alleges his rights were violated by not being placed on a classification hearing list after the disciplinary was reversed.  Because Plaintiff has no protected liberty interest in maintaining his classification level,

4

this allegation fails to state a claim. *See Moody*, 429 U.S. at 88 n.9. *See also Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.") (*citing Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). Because Plaintiff has not established violation of a protected liberty interest, his due process claims fail. Accordingly, summary judgment should be granted in Defendants' favor and Plaintiff's claims should be dismissed.

**IV.     CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.     Defendants' Amended Motion for Summary Judgment (Doc. No. 46) be GRANTED.

2.     Defendants' Motion for Summary Judgment (Doc. No. 43) be DENIED as moot.

3.     This case be DISMIMSSED.

4.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 26th day of February 2019.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE