# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ANTHONY HAYES                                                                                      PLAINTIFF
ADC #147539

v.                                            4:18cv00291-DPM-JJV

MITCHELL JOHNSON, JR., Captain,                                                         DEFENDANTS
Hawkins Unit for Women, MICHAEL M.
LOWE, Major, Wrightsville Unit, TERRIE L.
BANISTER, Disciplinary Hearing Judge,
ADC, ITENA JACKSON, SATP Counselor,
Wrightsville Unit, CLAUDIA HARRIS,
Deputy Warden, Wrightsville Unit, RANDY
WATSON, Warden, Wrightsville Unit

## SUPPELEMENTAL PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

## I. INTRODUCTION

Anthony Hayes ("Plaintiff"), now an inmate at the Pine Bluff Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 3, 5.) He alleges Defendants Johnson, Lowe, Banister, and Watson violated his due process rights by finding him guilty of an allegedly false disciplinary, and that Defendants Jackson and Harris violated his due process rights by failing to restore his class after the disciplinary was reversed on appeal.[1] (Doc. No. 5 at 5-10.) He seeks damages, among other relief. (*Id*. at 11.)

Defendants filed an Amended Motion for Summary Judgment on February 8, 2019. (Doc. No. 46.) Plaintiff did not respond within the given time, and on February 26, 2019, I recommended Defendants' Amended Motion for Summary Judgment be granted and this case dismissed. (Doc. No. 51.) After my Recommendation was filed, Plaintiff submitted his response to Defendants'

---

[1] Plaintiff also made a retaliation claim, but that claim has been dismissed, along with Plaintiff's claims against Defendant Dexter Payne. Doc. No. 35.

Amended Motion, raising the issue of whether ADC Directive 18-34(L)(2) amounts to a state-created protected interest. United States District Judge D.P. Marshall, Jr. returned the case to me, asking for a supplemental recommendation addressing Plaintiff's argument. (Doc. No. 57.) In turn, I directed Defendants to supplement their Amended Motion to address this issue. (Doc. No. 58.) Defendants have now done so by way of a Supplemental Motion for Summary Judgment. (Doc. Nos. 61-63.) Plaintiff has not responded; this matter is now ripe for a decision. After careful review, and for the following reasons, I find the Supplemental Motion for Summary Judgment should be GRANTED and this case DISMISSED.

II.     **SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a

reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. ANALYSIS

Plaintiff was found guilty of disciplinary violations based on a letter he received while at the Wrightsville Unit of the ADC, where he was incarcerated at all times relevant to this case. (Doc. No. 46-3.) Defendants maintain the letter was authored by K. Etheridge, a former officer at Wrightsville. (Doc. No. 47 at 2; Doc. No. 46-1.) The letter referenced a kiss between Plaintiff and Etheridge; such contact and communication between an inmate and officer was a violation of Wrightsville policy. (Doc. No. 47 at 2; Doc. No. 46-3.) Plaintiff conceded the letter was to him, but disputed Etheridge wrote it. (Doc. No. 46-2 at 6.)

Plaintiff was a class I inmate with a kitchen job. (Doc. No. 61-2 at 8.) He was first charged on July 5, 2017; the next day he went before the classification committee—Defendants Harris, Watson, Lowe, and Jackson—and was assigned to the garden squad. (Doc. No. 61-6 at 2; Doc. No. 61-10 at 2.) On July 12, 2017, Defendant Banister found Plaintiff guilty of the first major disciplinary and his class was reduced from class I to class III. (Doc. No. 61-2 at 9.)

On August 8, 2017, Plaintiff was found guilty of a second major disciplinary. As a result, his class was reduced from class III to class IV.

Plaintiff appealed the guilty verdict on the July 12 major disciplinary and on October 12, 2017 that disciplinary was reversed. (Doc. No. 61-2 at 9; Doc. No. 61-6 at 2.) On October 17, 2017 Plaintiff was classified as class III. On November 29, 2017 Plaintiff was classified as class II and as class I on January 3, 2018. (Doc. No. 61-6 at 2.)

Plaintiff alleges he was denied due process in connection with the conviction. As I explained in my Recommendation (Doc. No. 51), his due process rights as to the conviction itself were vindicated through its reversal. *Wycoff v. Nichols*, 94 F.3d 1187, 1189 (8th Cir. 1996). And to the extent Plaintiff alleges the falsity of the disciplinary charges (Doc. No. 5 at 7-8), those allegations alone do not state a constitutional claim. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989).

Plaintiff argues that pursuant to AD 17-08(L)(2) his job and class should have been restored upon the reversal of his first disciplinary. AD 17-08(L)(2) reads, in relevant part:

> Expungements – Disciplinary Report which indicate a finding of guilt and which are reversed by the Warden/Center Supervisors, Disciplinary Hearing Administrator or Director are to be expunged from the inmate's permanent file . . . . Such reversals shall also restore good time or class status which may have been reduced by the Major Disciplinary Hearing Officer.

(Doc. No. 61-1 at 25.)

Because AD 17-08(L)(2) is silent as to job placement, any argument Plaintiff makes that his job should have been restored pursuant to that directive fails. To the extent Plaintiff alleges due process violations based on medical expenses allegedly incurred in connection with treatment needed following his job on the garden squad (Doc. No. 55 at 4-5), that claim also fails. Further, Plaintiff has not alleged any good time issue in connection with the reversed conviction.

Plaintiff's argument that his class should have been restored after his conviction pursuant to AD 17-08(L)(2) cannot succeed under the reasoning set out in *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Before *Sandin*, courts focused largely on language in regulations to determine if a liberty interest was created; if the regulations contained mandatory language, presumably a liberty interest existed. *Id*. at 481-82. Under that analysis, AD 17-08(L)(2) would arguably create a liberty interest considering AD 17-08(L)(2)'s use of "shall" in relation to good time credits and

5

class being restored following the reversal of a disciplinary. *Sandin*, however, instructs that "the search for a negative implication from mandatory language in prison [policy] has strayed from the real concerns undergirding the liberty protected by the Due Process Clause." *Id*. at 483. Following *Sandin*, any state created liberty interest "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardships on the inmate in relation to ordinary incidents of prison life." *Id*. at 484. The general rule is that the "Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011) (*citing Sandin*, 515 U.S. at 480)).

It is well established that failure to follow prison policy, without more, does not state a claim for a constitutional violation. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). It is also well established that a prisoner does not have a protected liberty interest in his classification level. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Carney v. Houston*, 33 F.3d 893, 894-95 (8th Cir. 1994); Ark. Code Ann. § 12-29-202(a)(3), (c) (prisoner classification left to discretion of prison officials). Despite the seemingly mandatory language used in AD 17-08(L)(2), Plaintiff has not established a state created liberty interest in his classification level being restored; I find none of the atypical and significant hardships contemplated by *Sandin* in this situation. Accordingly, the alleged failure to restore Plaintiff's class did not result in a due process violation. Additionally, Defendants point out Plaintiff's subsequent disciplinary—as a result of which Plaintiff's class was lowered to IV before his conviction for his first major disciplinary was reversed—was a reason Plaintiff's class was not restored pursuant to AD 17-08(L)(2). Plaintiff has failed to come forward with evidence establishing a genuine issue of material fact that would

preclude entry of summary judgment in Defendants' favor as to Plaintiff's due process claims regarding AD 17-08(L)(2). Accordingly, Defendants' Supplemental Motion for Summary Judgment should be granted and this case should be dismissed.

## IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Supplement Motion for Summary Judgment (Doc. No. 61) be GRANTED.

2. This case be DISMIMSSED.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 11th day of June 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE